McDONALD v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.    May 8, 1900.)

1. STREET RAILROADS—INJURIES—NEGLIGENCE—CONFLICTING EVIDENCE.
    Where, in an action for personal injuries from being struck by a street car, the evidence, both as to defendant's negligence and plaintiff's contributory negligence, is conflicting, and sufficient to sustain a verdict for either party, a judgment entered on the jury's verdict will not be disturbed on appeal, as not supported by sufficient evidence.

2. SAME—SPEED OF CAR.
    Where, in an action for injuries for negligent management of a street car, defendant claimed that the car was going but 8 miles an hour, and plaintiff had already shown that it took 80 feet in which to stop it, plaintiff's evidence that but 12 feet would be required in which to stop a properly equipped car going 8 miles an hour was admissible.

Appeal from trial term.

Action by Grace McDonald, an infant, by her guardian ad litem, Michael McDonald, against the Brooklyn Heights Railroad Company. From a judgment for plaintiff and from an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

John L. Wells, for appellant.
Thomas E. Pearsall, for respondent.

GOODRICH, P. J. The action is to recover damages for injuries to the plaintiff, a child 7 years of age, who was crossing Fifth avenue, between Second and First streets, in the borough of Brooklyn, when she was run over by one of the defendant's cars, and so injured that it became necessary to amputate both her legs. The contention of the defendant is that the accident was caused by the plaintiff's own negligence, and not by the negligence of the defendant. A careful reading of the record shows a clear conflict of evidence on both questions. There was evidence on the part of the plaintiff tending to show that the car crossed Second street, going towards First street, at a high rate of speed, above the rate of 8 miles an hour prescribed by the city ordinances, and without slowing or stopping, and ran over the child about 50 feet beyond Second street; that the plaintiff was walking across the street diagonally, and heading towards First street, the direction in which the car was going; that she had almost crossed the track, when the motorman of the car saw her, and shouted to her; that she became alarmed and confused in the presence of danger, and, instead of continuing to go across the track, turned; and that before she could clear the track she was struck by the car, and run over. On the

part of the defendant there was evidence tending to show that the car stopped or slowed down at the downtown crossing of Second street, to take on a prospective passenger, who, however, did not take the car on account of its not being bound to her destination; that the car started ahead slowly; that when about 50 feet from the crossing the child, who was playing tag with companions, ran entirely across the track, and then turned back, when the motorman, seeing her, shouted to her, and reversed his lever; and that it was impossible to stop the car in time to prevent the accident. Upon these theories there was much conflicting testimony. Upon that produced by either party the jury would have been justified in finding a verdict, and consequently the court could not do otherwise than submit the issue to the jury. In a charge to which no exception was taken the question was fairly submitted, and the verdict will not be disturbed.

The defendant's only exception as to an admission of testimony is that it was error for the court to admit evidence as to the distance in which a car, with its brake and appliances in order, going 8 miles an hour, as required by the ordinance, could be stopped. The answer was, "12 feet." There had been evidence that the car was going at a much greater speed, and this was material to corroborate the evidence of high speed, as witnesses had testified that the motorman shouted to the child when the car was more than 40 feet distant, and at once applied the reverse power, and did not stop the car until it had run over the child and gone more than 40 feet further. We are of opinion that the admission of the evidence was not error. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.